**Kemal PAPRANIKU, Ljutfije Paprani-
ku, Tirona Papraniku, Petitioners,**

v.

**Alberto R. GONZALES, Attorney
General of the United States,
Respondent.**

No. 06–2240–ag.

United States Court of Appeals,
Second Circuit.

March 13, 2007.

Sam Gjoni, New York, New York, for
Petitioners.

Peter D. Keisler, Assistant Attorney
General, Cindy S. Ferrier, Senior Litiga-
tion Counsel, Jamie M. Dowd, Attorney,
Office of Immigration Litigation, U.S. De-
partment of Justice, Washington, D.C., for
Respondent.

PRESENT: Hon. CHESTER J.
STRAUB, Hon. ROBERT A.
KATZMANN, Hon. B.D. PARKER,
Circuit Judges.

### SUMMARY ORDER

Petitioners Kemal Papraniku, along with
his wife, Ljutfije, and daughter, Tirona, all
citizens of Macedonia, seek review of an
April 18, 2006 order of the BIA affirming
the December 2, 2004 decision of Immigra-
tion Judge ("IJ") Paul A. DeFonzo deny-
ing their applications for asylum and with-
holding of removal. *In re Papraniku et
al.*, Nos. A96 265 973/974/975 (B.I.A. Apr.
18, 2006), *aff'g* Nos. A96 265 973/974/975
(Immig. Ct. N.Y. City Dec. 2, 2004). We
assume the parties' familiarity with the
underlying facts and procedural history of
the case.

When the BIA adopts the decision of the
IJ and supplements the IJ's decision, this
Court reviews the decision of the IJ as
supplemented by the BIA. *See Yan Chen
v. Gonzales*, 417 F.3d 268, 271 (2d Cir.
2005). We treat the agency's factual find-
ings, including adverse credibility findings,
as "conclusive unless any reasonable adju-
dicator would be compelled to conclude to
the contrary." 8 U.S.C. § 1252(b)(4)(B).

As an initial matter, this Court lacks
jurisdiction to review the IJ's denial of
Kemal and Ljutfije's asylum claims on the
ground that they failed to prove that they

filed their applications within one year of their entry into the United States. 8 U.S.C. § 1158(a)(3). Although we retain jurisdiction to review colorable constitutional claims and questions of law, petitioners have presented no such argument. *See Saloum v. U.S. Citizenship & Immigration Servs.,* 437 F.3d 238, 242–43 (2d Cir.2006). Petitioners argue that their failure to file their applications within one year should be excused due to extraordinary circumstances that prevented them from making a timely filing, 8 C.F.R. § 208.4(a)(5), but this argument was rejected by the IJ, and his application of law to fact is not reviewable.

As to Tirona Papraniku's asylum claim, the only one not pretermitted on the untimeliness ground, the IJ's adverse credibility finding was supported by substantial and material inconsistencies in the testimony of all three petitioners and their supporting witness, most notably in the accounts of Kemal Papraniku's arrests by Macedonian authorities, first in 1996 and then again in the spring of 1999. Moreover, because the petitioners relied on this same testimony to establish a likelihood of future persecution, the adverse credibility determination also forecloses their claims for withholding of removal. *See Paul v. Gonzales,* 444 F.3d 148, 156 (2d Cir.2006).

For the foregoing reasons, the petition for review is DISMISSED in part and DENIED in part. The pending motion for a stay of removal in this petition is DISMISSED as moot.